# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Q2 SOFTWARE, INC.,** *Plaintiff* | § § § | |
| **v.** | § § | **A-18-CV-00878-RP** |
| **RADIUS BANK,** *Defendant* | § § § | |

## ORDER

On January 6, 2020, the District Court referred Plaintiff's Motion to Compel Defendant's Production (Dkt. No. 28), Joint Motion Requesting Entry of Agreed Order (Dkt. No. 32), Plaintiff's Renewed Motion to Compel Defendant's Production and Motion for Sanctions (Dkt. No. 33), Plaintiff's Motion for Expedited Telephone Hearing on Renewed Motion to Compel Defendant's Production and Motion for Sanctions (Dkt. No. 34), and all related filings, to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). The Court held a telephone hearing on the motions on January 9, 2020. *See* Dkt. No. 39.

### I. Background

This discovery dispute concerns Plaintiff Q2 Software, Inc.'s requests for production ("RFPs"), served on defendant Radius Bank on March 6, 2019 and November 1, 2019. On November 18, 2019, Q2 moved to compel production in response to the RFPs. Dkt. No. 28. On December 6, 2019, the parties jointly submitted an agreed order, signed by counsel for both parties, in which the parties stated that they had "agreed to resolve their disputes related to the Motion" to Compel. Dkt. No. 32. The agreement provided in part that:

> Radius will produce all documents sought by the Motion that are within its possession, custody, or control and in accordance with the parties' agreement regarding custodians and search terms, on a rolling basis, beginning as soon as practicable after December 6, 2019. Production of all such documents shall be complete by December 20, 2019.

Dkt. No. 32-1 at ¶ 2. The parties agreed to extend the discovery deadline, which had been October 4, 2019, until December 23, 2019. *Id.* at ¶ 3. Radius also agreed to pay Q2 $5,000 for attorneys' fees incurred in making the motion to compel within 20 days of entry of the order. *Id.* at ¶ 1.

On December 12 and 13, 2019, the parties met and conferred regarding Radius' responses and objections to the RFPs. *See* Dkt. No. 33-2 at ¶ 9. The parties finalized search term combinations that would be applied to the search of the documents Radius had gathered and isolated, and Q2 agreed to narrow its second set of RFPs, seeking documents responsive only to request Nos. 25, 32, 33, 34, 35, 40, 41, and 43. *Id.*

Having received no documents and hearing nothing further from Radius, counsel for Q2 emailed Radius requesting a status update on the production on December 16, 2019, and December 18, 2019. *See* Dkt. No. 33-1 at 139. Counsel for Radius did not respond to either request. In response to a third email Q2 sent December 20, 2019 – the date by which Radius had agreed to complete its production – counsel for Radius responded by stating: "I expect to begin a rolling production of the materials collected from Radius's archives next week and will be available Monday to visit further about Radius's objections to Q2's most recent request for production." *Id.* at 144.

In light of Radius's failure to comply with its agreement or communicate appropriately, on December 23, 2019, Q2 filed its Renewed Motion to Compel and Motion for Sanctions, asking the Court to compel Radius to produce the documents sought in its November 18, 2019 motion to

compel and seeking sanctions for Radius' conduct. Dkt. No. 33. Q2 also moved for an expedited telephone hearing on the matter. Dkt. No. 34.

Meanwhile, trial of this case is scheduled for February 3, 2020, with a final pretrial conference on January 24, 2020, and pretrial information including exhibit and witness lists due January 10, 2020. *See* Dkt. Nos. 9, 27; Local Rule CV-16(e).

After considering the parties' briefs, the record, and the arguments at the hearing, the undersigned enters the following order.

## II. Analysis

### A. Motions to Compel

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1).

Radius committed to produce documents responsive to Q2's first set of RFPs in the December 6, 2019 agreed order, *see* Dkt. No. 32-1 at ¶ 2, but has failed to fulfil its obligation. In its briefing and at the hearing, Radius provided no explanation for its failure to produce even a

single document in more than a month, stating only that "Radius has no other excuse for its concededly tardy production of these documents than to assure the court and Q2 that it is endeavoring to review thousands of pages of potentially responsive materials as quickly as possible over the holidays." Dkt. No. 35 at 2. In fact, at oral hearing, counsel for Radius estimated that 3,000 to 4,000 responsive documents had been reviewed and were ready to be produced, but not a single page had in fact been produced.

It appears to the undersigned that Q2 attempted in every respect to cooperate in discovery and facilitate Radius's production of documents relevant to this dispute. Nonetheless, Radius flagrantly and inexplicably failed to abide by its production agreement and to satisfy its obligations to cooperate in discovery. The Court therefore finds that an order compelling production is necessary.

**B. Motion for Sanctions**

Where a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Rule 37 is satisfied here. The Court provided Radius with an opportunity to be heard at the telephone hearing on January 9, 2020. *See* Dkt. No. 38. As noted above, Radius provided no explanation or justification for its behavior. Radius' conduct necessitated Q2's renewed motion to compel and motion for sanctions. *See* Dkt. No. 39. Further, none of the exceptions contained in Rule 37 apply: (1) the record indicates that Q2 repeatedly sought to confer with Radius in good faith but was unable to obtain discovery without court action; (2) there is no evidence or argument in the record that would justify Radius' conduct; and (3) there are no circumstances here that would make an award of expenses unjust. The Court thus concludes that a sanction of reasonable expenses and attorney's fees is proper.

In its renewed motion, Q2 also seeks sanctions against Radius in the form of a default judgment or adverse jury instructions. Dkt. No. 33 at 8-10. Although courts have the inherent power to sanction litigants for a wide range of abuses during litigation, they must exercise their inherent powers with restraint and discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 494 (N.D. Tex. 2016). At this time, the Court declines to sanction Radius beyond monetary sanctions. The Court **WARNS** Radius that if it fails to fully respond to Q2's discovery requests or otherwise comply with this Order by the deadlines set, it may be subject to additional sanctions.

### III. Conclusion

Accordingly, the Court **ORDERS** that Plaintiff's Motion to Compel Defendant's Production (Dkt. No. 28) and Renewed Motion to Compel and Motion for Sanctions (Dkt. No. 33) are **GRANTED**. Specifically, the Court grants Q2 the following relief:

- Radius shall immediately produce to Q2 by **5 p.m. Monday, January 13, 2020** all documents which it represented at the oral hearing on January 9, 2020, had been reviewed and were ready for production.

- Radius shall immediately produce all other non-privileged documents in its possession, custody, or control that are responsive to either (1) Q2's first set of RFPs or (2) the requests from Q2's second set of RFPs identified in Q2's Renewed Motion to Compel and Motion for Sanctions (Dkt. No. 33), reviewed or unreviewed, by **5 p.m. Friday, January 17, 2020**.

- The produced documents shall be subject to the existing protective order in this case. Dkt. No. 13.

- To the extent Radius believes the protections provided by the protective order are insufficient, Radius may within 7 days of this Order file a motion to institute clawback procedures for any unreviewed material produced. Making any such motion WILL NOT extend the deadlines for Radius's production.

For the reasons listed above, **IT IS FURTHER ORDERED** that Defendant's request for attorney's fees is **GRANTED**. Specifically, the Court grants the following relief:

- Radius shall within 7 days of this Order remit to Q2 through its counsel the agreed $5,000.00 for the reasonable and necessary fees incurring in bringing the first Motion to Compel (Dkt. No. 28).

- Radius shall pay Q2 the reasonable and necessary fees for bringing its Renewed Motion to Compel and Motion for Sanctions (Dkt. No. 33).

- Q2 is directed to file an accounting detailing its reasonable attorney's fees and expenses incurred in filing its Renewed Motion to Compel and Motion for Sanctions (Dkt. No. 33), within 7 days of this Order.

The parties' Motion Requesting Entry of Agreed Order (Dkt. No. 32) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on January 10, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE