**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Q2 SOFTWARE, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 1:18-cv-00878-RP |
| v. | § | |
| | § | |
| RADIUS BANK | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

# PLAINTIFF'S MOTION FOR CONTINUANCE AND FOR SANCTIONS

COMES NOW Plaintiff Q2 Software, Inc. ("Q2") and files this Motion for Continuance and for Sanctions and would respectfully show the Court the following:

## INTRODUCTION

Defendant Radius Bank's ("Radius") discovery misconduct in this case is well-documented, and it continues, even now, with trial set to begin in less than two weeks, the deadline for exhibit lists and other pretrial filings having passed over a week ago, and the final pretrial conference set for this Friday.  Radius withheld thousands of responsive documents for nearly a year and, despite an Order from this Court requiring all such documents to be produced by January 17, it still has not produced all its documents, and the productions it did make came after Court-ordered deadlines.  Accordingly, good cause exists to continue the trial setting and reopen certain deadlines as to Q2 only. Radius also should be further sanctioned for its failures to comply with this Court's Order.

Q2 previously filed two motions to compel, both of which were granted in an Order by Magistrate Judge Susan Hightower on January 10, 2020.  During the hearing on those motions, Radius represented to the Court that it had collected for review a total of 10,648 documents and that the documents being reviewed appeared to be responsive to Q2's document requests.  It further repeatedly represented that of those documents, "three or 4,000 of them are, in essence, ready to be produced," but had not been produced.

Based on these representations, the Court ordered Radius to produce the "3,000-4,000 responsive documents" that it represented were ready for production by 5 p.m. on January 13, and all additional documents by 5 p.m. on January 17.  The Court ordered Radius to pay monetary sanctions to Q2 and warned Radius that it faced additional sanctions if it failed to fully comply with the Order by the deadlines set.  Despite this warning, whether willfully or

otherwise, Radius has now violated the Court's Order in several respects, producing a total of 3,451 documents over three productions, each of which was untimely, and admitting other documents that should have been produced still have not been produced.

During the parties' meet-and-confer, Radius for the first time backtracked on its prior statements and now contends that it intended not to represent that it had 3,000-4,000 documents ready to be produced, but rather that it had a subset of those documents ready to be produced. However, it concedes it never sought to correct the record in this respect even though the Order states that "counsel for Radius estimated that 3,000 to 4,000 responsive documents had been reviewed and were ready to be produced." Radius also confirmed that over 400 emails from one of Radius' trial witnesses still had not been produced. Given Radius' prior representations to the Court and to Q2 regarding its discovery efforts, including under oath at its corporate representative deposition, the extent of Radius' non-production remains a question.

Moreover, based on a limited review of Radius' recent productions, Radius has finally produced certain highly relevant documents that necessitate additional discovery and depositions. Q2 therefore respectfully requests that the Court continue the current trial setting to allow Q2 (and only Q2) an opportunity to conduct additional discovery into Radius' document collection efforts and obtain the additional documents that Radius may have not yet produced, to complete review of the late-produced materials, to conduct additional discovery and/or file a dispositive motion based on those materials, and to amend its pretrial filings to account for those materials. Q2 also respectfully requests that Radius be required to pay attorneys' fees and/or expenses relating to any depositions that need to be reopened or taken for the first time as a result of its late production of documents, as well as all fees and expenses associated with discovery relating to Radius' discovery efforts.

Q2 further seeks sanctions for Radius' violations of the Court's Order, including its attorneys' fees incurred in connection with this motion. Q2 further submits that, in light of pattern of discovery abuses here, adverse jury instructions establishing Radius' breach of contract or an order deeming the liability facts of Q2's case established, would be appropriate. To the extent discovery or other information reveals Radius has otherwise failed to comply with the Court's Order, including by continuing to withhold documents it was ordered to produce, Q2 believes a default judgment should be entered.

## FACTUAL BACKGROUND

Q2 previously filed two motions to compel seeking Radius' document production and sanctions. *See* Dkt. No. 28, 33, 36. As documented in greater detail in those motions, Radius withheld thousands of responsive documents in this matter for almost a year, first concealing their existence, and then, after finally disclosing their existence and agreeing to produce them by December 20, 2019, failing to abide by that deadline and inexplicably continuing to withhold them. On January 9, 2020, the parties appeared for a telephonic hearing before Magistrate Judge Hightower on Q2's motions to compel and motion for sanctions. *See* Dkt. No. 39; *see also* Hr'g Tr., attached as Ex. A. During that hearing, Radius represented the following to the Court:

- Radius had collected 10,648 documents from its archives based on the parties' agreed search term combinations and custodians, and that this number of documents was the net number after its vendor performed de-duplication, *see* Ex. A, 10:20-11:12;

- Radius had 3,000-4,000 documents ready to be produced at the time of the hearing, but that had not been produced to Q2, *see id.* 3:5-5:11;

- Radius was working on reviewing the balance of the documents and preparing them for production as soon as possible, *see id.*; and

- Based on Radius' counsel's review of the documents, it appeared that the collected documents were responsive to Q2's document requests, *see id.* 11:13-12:9.

The following day, Judge Hightower issued an Order granting Q2's motions. In that Order, the Court stated, "at oral hearing, counsel for Radius estimated that 3,000 to 4,000 responsive documents had been reviewed and were ready to be produced, but not a single page had in fact been produced." Dkt. No. 42. The Court therefore ordered the following: (i) "Radius shall immediately produce to Q2 **by 5 p.m. Monday, January 13, 2020** all documents which it represented at the oral hearing on January 9, 2020, had been reviewed and were ready for production;" and (ii) "Radius shall immediately produce all other non-privileged documents in its possession, custody, or control that are responsive to either (1) Q2's first set of RFPs or (2) the requests from Q2's second set of RFPs identified in Q2's [renewed motion to compel], reviewed or unreviewed, by **5 p.m. Friday, January 17, 2020**." *Id.* (emphasis in the original).[1] The Order further required Radius to pay Q2 attorneys' fees incurred in making both motions. *Id.*[2] In that Order, Judge Hightower warned Radius "that if it fails to fully respond to Q2's discovery requests or otherwise comply with this Order by the deadlines set, it may be subject to additional sanctions." *Id.* Radius made no attempt to correct the record to reflect that the Order did not accurately reflect its representations regarding the number of documents ready to be produced. *See* Decl. of M. Rodgers, attached as Ex. B. Accordingly, Q2 reasonably expected that Radius would be producing 3,000-4,000 documents on January 13 and a sizeable additional set of documents on January 17. *See id.*

---

[1] Q2's first set of RFPs were served on Radius in March 2019. During discovery, Radius produced very few documents, represented that it had no other responsive documents, and even falsely represented under oath in deposition that it had searched archived emails. *See* Dkt. No. 33, 36.

[2] Radius has paid Q2 the $5,000 in sanctions it was ordered to pay in connection with Q2's first motion to compel. Q2 has filed an accounting of its fees incurred in connection with the second motion, and that amount remains outstanding, although it is not late. *See* Dkt. No. 44, Ex. B.

On Monday, January 13, the date on which Radius was ordered to produce 3,000-4,000 documents no later than 5 p.m., Radius made a production at 6:49 p.m. consisting of 1,108 documents. *See* Ex. C, Ex. B.  Radius did not provide any explanation or advance notice for the lateness of the production. *See id.*  On Friday, January 17, the date on which Radius was ordered to produce all remaining non-privileged, responsive documents it represented it was still reviewing no later than 5 p.m., Radius produced no documents. *See id.*  On the early morning of January 18, at 12:30 a.m., Radius made a second production of an additional 1,936 documents. *See id.*  Again, Radius provided no explanation or advance notice that the production would be late. *See id.*  In total, over both productions, Radius produced 3,044 documents out of the 10,648 documents it represented to the Court had been collected and which it represented were largely responsive. *See* Ex. B.  The productions also appeared to contain no documents from at least two of the six custodians from whom Q2 understood Radius had agreed to produce documents, including Phil Peters, one of only two Radius witnesses on Radius' witness list.  *See id.*

On January 18, as soon as it obtained the production details, Q2 asked Radius for an explanation for why approximately 3,000 documents were produced when Radius had represented that a significantly higher number of documents appeared to be responsive and would be produced, as well as why certain custodians' emails did not appear to be in the production.  *See* Ex. C,[3] Ex. B.  Radius did not respond to this email.  *Id.*  Based on what appeared to be Radius' substantial non-compliance with the Court's Order, Q2 began to prepare a motion for sanctions seeking severe sanctions against Radius.  *See* Ex. B.  On the morning of January 20, Q2 attempted twice more to contact Radius to confer before filing that motion.  *See id.*; Ex. C.  Radius did not respond until the afternoon of January 20, when Radius' counsel for

---

[3] The parties' relevant communications are attached hereto as Exhibit C.

-5-

the first time stated that he had not meant to represent that Radius had 3,000-4,000 documents ready to be produced on January 9, but rather that it had certain documents within a 3,000-4,000 document set ready to be produced on that date.  *See* Ex. C.  On a subsequent call, Radius' counsel conceded that Radius had not produced over 400 emails from Phil Peters (one of its trial witnesses) by the Order deadline and represented that the emails would be produced the following day.  Radius appears to have supplemented its production on January 21 to include that production. Based on an initial review, it appears that Radius has now produced those emails.  *See id.* Radius' counsel further informed Q2 that Radius had not collected emails of Kevin Feeney, whom Q2 had understood Radius to be collecting from.  *See id.*  Based on an initial partial review, the productions contain highly relevant documents that were responsive to Q2's March 2019 document requests and that Q2 has not had a chance to explore in depositions.  *See id.*

Trial in this matter is currently set to begin on February 3, 2020.  Pretrial filings, including exhibit lists, were due on January 10, 2020, and the final pretrial conference is set for January 24, 2020.  *See* Dkt. No. 9, 27.  Neither party has previously sought a continuance of trial.

## ARGUMENT AND AUTHORITIES

### I.   Good Cause Exists for a Continuance and for the Reopening of Certain Deadlines as to Q2 Only.

Q2 has been severely prejudiced by Radius' discovery misconduct in this matter and its continued failure to produce all documents—now less than two weeks before trial is set to begin. For nearly a year, Radius withheld thousands of responsive documents in this matter.  Even after submitting an agreed order agreeing to produce those documents by December 20, Radius then inexplicably withheld them until after exhibit lists and other pretrial filings were due.  It remains unclear whether there are thousands of additional documents it continues to withhold.  Q2

therefore seeks a continuance of the trial setting, as well as a reopening of certain of the deadlines contained in the scheduling order, including the discovery deadline, the dispositive motion deadline, and the pretrial filings deadline. Good cause exists here for a continuance of these deadlines, including the trial setting. FED. R. CIV. P. 16(b).[4] Radius does not oppose a continuance of the trial.[5]

Q2 respectfully requests that the trial continuance be limited to three to four months if the Court can accommodate a resetting during that time. Q2 further requests that the reopening of deadlines be limited to Q2 only. Q2 should be allowed to conduct additional discovery into whether Radius has produced all documents it was ordered to produce. Because of Radius' withholding of documents, Q2 also requires additional time to review the 3,000 documents that have now been produced as well as any additional documents that Radius may be continuing to withhold. Based on its initial review, there appear to be highly relevant documents contained in Radius' recent productions, and Q2 therefore also requests that it be allowed to conduct

---

[4] In order to show good cause, the party seeking relief must show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *Southwest Refrigerated Warehousing Servs. Joint Venture v. M.A. & Sons, Inc.*, No. EP-16-CV-00421-DG, 2017 WL 8777393, at *3 (W.D. Tex. Sep. 21, 2017) (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[5] On January 20 and 21, Radius' counsel confirmed that Radius does not oppose a trial continuance. On January 21, Radius' counsel further confirmed that Radius is unopposed to Q2's request that Radius be restricted from conducting further discovery if a continuance is ordered by the Court. Radius also agreed to reopen the depositions of Damon Greenberg and Phil Peters and to produce both witnesses to be re-deposed in Austin. Radius is still opposed to paying Q2 its reasonable expenses and attorneys' fees incurred in making this motion and in taking any new or reopened depositions necessitated by Radius' late production of documents and in pursing discovery relating to Radius' document production efforts. Radius further opposes that only Q2 be given the opportunity to amend its pretrial filings and file a dispositive motion if the newly-produced documents provide a basis to do so. Ex. B. At the January 9 hearing, Radius' counsel also represented that Radius was not opposed to a trial continuance or additional discovery by Q2 regarding the late-produced documents. *See* Ex. A. Judge Hightower made clear that scheduling matters were outside the scope of her referral and that any such requests should be made on a motion to Judge Pitman. *Id.*

additional discovery relating to matters revealed by these documents, including additional or reopened depositions, and that it be given the opportunity to amend its pretrial filings and potentially make a dispositive motion if these documents provide a basis to do so.

Radius, however, should not be permitted to benefit by its obstruction; therefore, Q2 requests that any reopened deadlines not apply to Radius, and that Radius be limited to responding to any dispositive motion and amended/supplemental pretrial filings that Q2 makes. Finally, Q2 requests that Radius be required to pay for any attorneys' fees or expenses associated with discovery into Radius' document production efforts and the reopening or taking of depositions necessitated by the newly produced documents, including corporate representative depositions.

## II. Radius Should be Sanctioned Further for its Continuing Discovery Misconduct and Violation of the Court's Order.

Radius is in violation of the Court's Order in several respects, and its noncompliance continues to prejudice Q2 and cause Q2 to have to divert time and resources from preparing for trial to address Radius' discovery misconduct on the eve of trial. Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to award a wide range of sanctions for a party's failure to obey a discovery order. FED. R. CIV. P. 37(b)(2)(A). Radius represented to the Court, and both Q2 and the Court understood, that Radius had 3,000-4,000 responsive documents ready to be produced at the time of the January 9 hearing. Radius did not seek to clarify these statements.

Moreover, Radius represented to the Court at the hearing that "as I'm going through these documents, it does appear that these are responsive to requests that Q2 made . . . I don't expect that I'm withholding a lot of documents based on responsiveness." Ex. A. Despite these representations, Radius' position now is that only 30% of the documents it collected—

documents that already had been culled using what the parties agreed were appropriately narrow search terms—are responsive.  Radius also now concedes that certain emails from a key witness, Phil Peters, were not produced by the Order deadline, and further concedes that it did not even collect emails from another custodian, Kevin Feeney.  Radius has not provided a satisfactory response to these matters, and given its history of misrepresentations, Q2 cannot take its statements at face value.

Radius also was inexplicably late in making each of the ordered productions.  The Order required that each production be made no later than 5 p.m. on January 13 and January 17, respectively.  Nonetheless, Radius made its first production at 6:49 p.m. on January 13 and made its second production at 12:30 a.m. on January 18.  Radius did not provide advance warning that its productions would be late (or potentially incomplete) either time.

Pursuant to Rule 37, Q2 respectfully requests that, as sanctions, Radius be ordered to pay all fees incurred in making this motion and all expenses and fees associated with Q2's discovery into Radius' document collection efforts.  In addition, given this unusually egregious pattern of discovery misconduct, Q2 further requests adverse jury instructions establishing Radius' breach of contract or an order deeming the liability facts of Q2's case established.[6]  Even if Radius were able to convince the Court that its violations of the Court's Order have not been willful, such sanctions are proper.  *Chilcutt v. United States*, 4 F.3d 1313, 1319-21 (5th Cir. 1993) (affirming order deeming liability facts of plaintiffs' case established because the Fifth Circuit has "never held that willful or contumacious conduct is a prerequisite to sanctions which are less harsh than a dismissal or default judgment."); *see also Doe 1 v. Baylor Univ.*, 2019 WL 2462800, *14

---

[6] Q2 previously has submitted proposed adverse jury instructions it contends would be appropriately given in this matter.  *See* Dkt. No. 40-7, the relevant excerpts of which are attached hereto as Exhibit D.

(W.D. Tex. June 7, 2019) (Pitman, J.) ("Rule 37(b)(2) authorizes sanctions even for an 'inadvertent' failure to disobey a discovery order.") (citation omitted).  If additional discovery efforts show that Radius is continuing to withhold documents in violating of the Court's Order, Q2 reserves the right to seek a default judgment.

## PRAYER FOR RELIEF

For the foregoing reasons, Q2 respectfully requests that it be awarded all relief sought in this motion, as well as such other and further relief to which it may be entitled.

Dated:  January 21, 2020

Respectfully submitted,

REEVES & BRIGHTWELL LLP

*/s/ Manasi Rodgers*
Ryan Pierce
TX State Bar No. 24035413
Manasi Rodgers
TX State Bar No. 24090361
221 W. 6th Street, Suite 1000
Austin, TX  78701-3410
(512) 334-4500
(512) 334-4492 (fax)
rpierce@reevesbrightwell.com
mrodgers@reevesbrightwell.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

    Pursuant to Local Rule CV-7(i) of the Local Rules of the Western District of Texas, I hereby certify that I have attempted to confer with counsel for Radius Bank in a good faith attempt to resolve the issues presented in this motion. Radius is not opposed to the continuance of trial sought herein, and is not opposed to Q2's request that Radius be restricted from conducting further discovery during any continuance ordered by the Court. Radius agreed to reopen the depositions of Damon Greenberg and Phil Peters and to produce both witnesses to be re-deposed in Austin on a mutually agreeable date. Radius is opposed to the request that it be required to pay for reopened or new depositions necessitated by the late-produced materials and for expenses incurred in pursuing discovery relating to Radius' document production efforts. Radius further opposes that only Q2 be provided the opportunity to amend its pretrial filings and potentially make a dispositive motion if the newly-produced documents provide a basis to do so.

                                                                  */s/ Manasi Rodgers*
                                                                  Manasi Rodgers

**CERTIFICATE OF SERVICE**

    This is to certify that on January 21, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sends notification to the following:

        George H. Rau III
        HENNEMAN RAU LLP
        814 Walker Street, Suite 1440
        Houston TX  77002
        grau@hennemanrau.com

        Jon M. Talotta
        HOGAN LOVELLS US LLP
        8350 Broad St., 17th Floor
        Tysons, VA  22102
        jon.talotta@hoganlovells.com

                                                                   */s/ Manasi Rodgers*
                                                                  Manasi Rodgers