UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Q2 SOFTWARE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:18-cv-00878-RP |
| v. | § | |
| | § | |
| RADIUS BANK | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DECLARATION OF BEVERLY REEVES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

1. I am a member in good standing of the State Bar of Texas, and a partner at Reeves & Brightwell LLP ("Reeves & Brightwell"), attorneys for Plaintiff Q2 Software, Inc. ("Q2"). I have been licensed to practice law in Texas for over 30 years.

2. I have personal knowledge of the facts set forth herein, and if called to testify could and would competently testify thereto.

3. I have practiced civil litigation in Austin, Texas for over 30 years. Based on my experience, I am familiar with the customary rates charged in the Western District of Texas and Austin, Texas for attorneys and paralegals in civil litigation, including complex commercial litigation cases.

4. My opinions expressed in this declaration are based on my personal knowledge. I base my opinions on my education, training, and experience as an attorney practicing law in the State of Texas and the Western District of Texas, on the Texas Disciplinary Rules of Professional Conduct, on a review of my firm's billing records in this case, and on the pleadings, motions, orders, and other documents relevant to this case.

5.      In forming my opinions, I have also reviewed relevant portions of the parties' contract in this matter, which provides that Q2 be entitled to recover as the prevailing party "all reasonable expenses, including reasonable attorney's fees" and further requires Radius to indemnify and hold Q2 harmless from "losses, damages, liabilities, costs, and expenses, including reasonable fees and expenses of counsel" in connection with the transactions at issue in this lawsuit.

6.      As a partner, I am familiar with the business and billing practices of Reeves & Brightwell.  It is our firm's policy to bill clients reasonably for services provided, and all attorneys and paralegals are required to contemporaneously record their time accurately.  Reeves & Brightwell generally bills clients based on an attorney or paralegal hourly rate multiplied by the numbers of hours worked.  Reeves & Brightwell endeavors to provide high quality services at reasonable rates, and its attorneys attempt to work efficiently and avoid duplication of efforts.  A Reeves & Brightwell attorney reviews each monthly invoice before a client is billed and exercises judgment and discretion to occasionally zero out time (or remove reference to billed time from an invoice entirely) even where that time was reasonable and necessary to further the client's interests.

7.      In forming my opinions, I have considered the type of litigation involved, as well as the parties and counsel involved, and I have evaluated the following factors, among others:  the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal services properly; the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorneys involved; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the

attorneys involved; and whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

8. In reaching my opinion on the reasonableness and necessity of the fees sought, I have reviewed my firm's billing records in this matter that are submitted concurrently herewith. These records show that the tasks performed and time expended by the attorneys for Q2 were reasonable and necessary.

9. In my opinion, also relevant to the reasonableness of fees in this matter is the discovery misconduct engaged in by Defendant Radius Bank, which significantly increased the time the attorneys involved had to spend on the matter throughout the litigation. For example, counsel was forced to prepare at least six different discovery motions from June 2019-January 2020, including to seek a discovery conference with the Court after Radius stopped communicating with Q2 entirely for approximately five weeks, and to reopen a corporate representative deposition because of Radius' improper withholding of key data. In January 2020, the month before trial, Reeves & Brightwell was required to quickly review thousands of documents that should have been produced almost a year before that time and were withheld by Radius until just weeks before the trial setting. In January 2020, while preparing for trial and reviewing the foregoing late-produced documents, counsel was forced to spend significant time preparing and arguing two discovery motions based on Radius' continued discovery abuses.

10. Based on my review of the attached billing records, the specific tasks performed in connection with this matter include:

      a. Preparation of initial breach notice;

      b. Preparation of original petition and review of contract documents and relevant communications in connection therewith;

      c. Attempted settlement communications/preparation for and discussion relating to potential mediation;

    d.  Drafting of requests for production and interrogatories;

    e.  Responding to requests for production;

    f.  Document search, collection, review, and production efforts;

    g.  Preparation of multiple filed and unfiled discovery motions and motions for sanctions;

    h.  Preparation of subpoenas to third-parties and communications/negotiations relating to those subpoenas, including lengthy and protracted negotiations with third-party FIS;

    i.  Preparation for multiple party and third-party depositions;

    j.  Taking and defending multiple party and third-party depositions;

    k.  Review/analysis of data from multiple sources relating to hundreds of transactions at issue;

    l.  Compilation of damages analysis/spreadsheet of hundreds of transactions;

    m.  Witness preparation meetings in advance of depositions and trial;

    n.  Preparation of trial outlines;

    o.  Preparation of pretrial filings;

    p.  Preparation of objections to pretrial filings; and

    q.  Expedited review of thousands of late-produced documents by Radius.

11.    Ryan Pierce (who graduated law school in 2001 and has practiced law for almost twenty years, including in Texas for almost fifteen years), Manasi Rodgers (who graduated law school in 2009 and has practiced law for almost ten years, including almost six years in Texas), Luke McHenry (who graduated law school in 2003 and has practiced law for sixteen years, including thirteen years in Texas), Steven Seybold (who graduated law school in 2015 and has practiced law for almost five years), Sinead O'Carroll (who graduated law school in 1999 and has practiced law for over twenty years), myself, and Joyce Goodman (a paralegal at Reeves & Brightwell with over 35 years of experience as a paralegal in Austin) have billed time on this

matter. Based on my experience, the billable rates charged by my firm for this matter are reasonable rates for the Austin market and the Western District of Texas.

12. In connection with an award of attorneys' fees as sanctions for Radius' discovery misconduct, this Court previously determined Reeves & Brightwell's "fees to be necessary and reasonable for this community." Dkt. No. 60. Radius also does not object to Reeves & Brightwell's rates.

13. The hourly rates charged by Reeves & Brightwell are usual and customary for the Austin market. Ms. Rodgers' hourly rate for this matter is $290.00. This rate is her previous associate attorney rate, and the rate at which she billed before becoming partner at Reeves & Brightwell. Although she has become a partner during the time this case was pending, and her customary hourly rate is now higher than $290.00/hour, we have continued to bill Q2 at her previous associate rate, resulting in a reduction in her rate of over 10%. Mr. Pierce's hourly rate for this matter is $375.00. Mr. McHenry's hourly rate for this matter is $290.00. The other attorneys for whom Reeves Brightwell billed fewer than five hours on this matter have rates of $270 (Steven Seybold), $400 (Sinead O'Carroll), and $475 (myself). For attorneys with similar experience, those rates are customary and usual for the Austin market for this type of commercial litigation, and well within the scope of reasonableness for this market. Ms. Goodman's hourly rate is $165.00; for a paralegal with her experience, this rate is customary and usual for the Austin market, and well within the scope of reasonableness for this market. Ms. Goodman is qualified by education, experience, and training to perform the services on which she worked, and she was supervised by an attorney. Each of the individuals who billed time on this matter has significant experience litigating complex commercial disputes like the instant case.

14.     As of January 24, 2020, Reeves & Brightwell performed 1,237.7 hours in connection with this case, starting from the time it assisted with drafting the initial breach notice in early 2017. Q2's lodestar calculation of $286,871 is based on only 1,060.6 of the hours counsel has spent on this case (and the parties' stipulated amount of $275,000 is based on even fewer of counsel's compensable hours). As reflected in the chart below and the billing records submitted herewith, our firm has charged off a number of hours spent on activities necessary for pursuit of Q2's claim. To date, Reeves & Brightwell has voluntarily discharged $53,240 in fees associated with these hours.

15.     The following table contains the applicable hourly rate for each person who has billed time for this matter, as well as the number of hours recorded, the number of hours voluntarily discharged, the number of compensable hours for purposes of the lodestar calculation, and the percentage of hours voluntary discharged:

| Attorney/Paralegal | Hourly Rate | Total Hours[1] | Discharged Hours | Compensable hours for lodestar calculation[2] | % of Hours Discharged (during the relevant time period) |
|---|---|---|---|---|---|
| Manasi Rodgers | $290 | 754.4 | 99.2 | 655.2 | ~13.1% |
| Ryan Pierce | $375 | 196.2 | 39.3 | 156.9 | ~20% |
| Luke McHenry | $290 | 108.5 | 19.7 | 88.8 | ~18.1% |
| Steven Seybold | $270 | 10.7 | 8.6 | 2.1 | ~80.4% |

---

[1] The total hours and discharged hours reflected in this chart are from the time Reeves & Brightwell was first retained in this matter through January 24, 2020, the date on which the Court indicated it would be entering default. Although Q2 has incurred additional attorneys' fees since that date, it is not seeking those amounts from Radius and therefore does not include them here.

[2] Q2's fee request of $286,871 is net of the $14,703.50 that Radius already has paid in sanctions for its discovery misconduct; however, approximately 50 hours associated with those motions are still reflected in this chart.

| Sinead O'Carroll | $400 | 1.2 | 0 | 1.2 | N/A |
| --- | --- | --- | --- | --- | --- |
| Beverly Reeves | $475 | 0.4 | 0 | 0.4 | N/A |
| Joyce Goodman (paralegal) | $165 | 166.3 | 10.3 | 156 | ~6.2% |

16.     In addition, Reeves & Brightwell spent a significant amount of additional time pursuing Q2's claim for which the firm did not record or bill time. Q2 also is not seeking any fees associated with time billed after the date on which the Court indicated it would be entering default, January 24, 2020, nor does Q2 seek amounts associated with the drafting of this motion for fees and expenses, which results in additional deductions of over $15,000 in fees. The parties have now stipulated that, if granted, an award of $275,000 is reasonable, resulting in a further reduction of almost $12,000. In my opinion, these voluntary reductions in the amount of fees sought underscore the reasonableness of Q2's request.

17.     Based on all of the foregoing, it is my opinion that given the nature of the claim asserted, the results achieved, and the time frame in which services were provided, a reasonable number of hours were expended in connection with these activities. Accordingly, it is my opinion that the $275,000 in attorneys' fees sought by Q2 are reasonable and necessary under Texas law, were incurred as a direct result of the pursuit of Q2's breach of contract claim and the activities described above, and were required to effectively litigate this case.

18.     In the course of my practice, I have represented parties in connection with post-judgment motions and appeals. Based on that experience, I am familiar with the work involved in responding to a post-judgment motion and defending appeals in cases similar to this, and I am familiar with the amount of attorneys' fees typically incurred in such instances. In my opinion, responding to a post-judgment motion will require approximately 50-75 hours of billable time, and

therefore a fee of $20,000 is reasonable and necessary based on an assumption that Ms. Rodgers will perform the majority of the preparation with input from Mr. Pierce and assistance from Ms. Goodman.  It also is my opinion that defending against an appeal to the Fifth Circuit will require approximately 125 hours of billable time, and therefore a fee of $40,000 is reasonable and necessary based on the same assumptions regarding division of billable time between the attorneys and paralegal.  However, as a compromise, the parties have stipulated that a conditional award of $15,000 for defending against an unsuccessful post-judgment motion and $25,000 for defending against an unsuccessful appeal would be reasonable.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate and that I have executed this declaration on February 21, 2020.

Beverly Reeves