# EXHIBIT C

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| Q2 SOFTWARE, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 1:18-cv-00878-RP |
| v. | § | |
| | § | |
| RADIUS BANK | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## DECLARATION OF RYAN PIERCE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

1. I am a member in good standing of the State Bar of Texas, and a partner at Reeves & Brightwell LLP ("Reeves & Brightwell"), attorneys for Plaintiff Q2 Software, Inc. ("Q2"). I have been practicing law for almost twenty years.

2. I am one of the attorneys of record in this matter. I have personal knowledge of the facts set forth herein, and if called to testify could and would competently testify thereto.

3. I am a member of the State Bar of Texas and have been practicing in Texas for almost fifteen years. I received my juris doctorate from Tulane University School of Law in 2001. I have practiced law as a litigator in Austin since 2006.

4. Reeves & Brightwell provided services for Q2 in this matter since January 2017, as documented in the billing records submitted concurrently herewith. The billing records reflect the specific activities performed, the number of hours of attorney and paralegal time expended on each activity, and the hourly rates charged for that time.

5. By this motion, Q2 seeks a total of $275,000 in attorneys' fees (the amount stipulated by the parties) and $38,301.17 in nontaxable expenses and taxable costs. It is my

opinion that these amounts were reasonable and necessary to the successful prosecution of this case, particularly because the base lodestar calculation here based on compensable hours and hourly rates conservatively results in an amount of $286,871.

6. In total, between January 2017 and January 24, 2020 (the date on which the Court indicated it would be entering default against Radius), Reeves & Brightwell performed 1,237.7 hours of billable work in furtherance of Q2's breach of contract claim. This is a conservative estimate of the hours expended, as there were significant hours spent working on tasks that are not reflected on invoices sent to Q2. Specifically, there were many occasions in which I did not record time for myself when I believed such time would be for work that was duplicative of work being billed for another attorney's time.

7. In addition, there were many occasions when I "zeroed" our recorded time, even though I felt the time was reasonable and necessary, as an accommodation to the client (though the client did not request these reductions). In total, those discharged amounts exceed $50,000.

8. In making the foregoing downward adjustments to Reeves & Brightwell's bills, I reviewed each month's billing records and utilized billing judgment to determine an amount that I believed was reasonable before sending the final monthly invoice to Q2.

9. Based on my review of Reeves & Brightwell's billing records and my involvement in this lawsuit, I confirm that the hours expended as reflected on the billing records were actually expended on the topics and activities stated.

10. Based also on my experience as a litigator in Austin and my direct experience in this case, I find the amount of fees sought to have been reasonably and necessarily incurred. Q2 has timely paid the full amount of fees and expenses sought by Q2, with the exception of the amounts billed for January 2020 work and expenses, which are not yet due.

-3-

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate and that I have executed this declaration on February 21, 2020.

                                                    Ryan Pierce