UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Q2 SOFTWARE, INC., | § § § | |
| Plaintiff, | § § | 1:18-CV-00878-RP |
| v. | § § | |
| RADIUS BANK, | § § § | |
| Defendant. | § § | |

## FINAL JUDGMENT

On February 7, 2020, the Court entered default judgment in favor of Plaintiff Q2 Software, Inc. ("Q2"). (Order, Dkt. 66). As nothing remains to resolve, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Q2 is entitled to final judgment on its breach of contract claim against Radius Bank. (*See* Dkt. 66).

**IT IS FURTHER ORDERED** that judgment is awarded in favor of Q2 in the amount of $501,239.64 in actual damages.

**IT IS FURTHER ORDERED** that Q2 recover from Defendant Radius Bank ("Radius") prejudgment interest at the rate of 5% per annum on $501,239.64 from September 11, 2018, the date this action was filed, until the day before the judgment was signed, February 6, 2020,[1] in the sum of $35,222.58.

**IT IS FURTHER ORDERED** that Q2 recover reasonable attorneys' fees from Radius in

---

[1] The Court did not file a final judgment order when it entered default judgment in favor of Q2 on February 7, 2020. Nevertheless, the relevant end date for purposes of prejudgment interest is the date before the Court issued its default judgment order, (Dkt. 66). Thus, prejudgment interest at the rate of 5% was calculated from the date the action was filed—September 11, 2018—until the day before the default judgment order was signed—February 6, 2020.

an amount to be determined postjudgment and pursuant to Local Rule CV-7(j). Q2 should file a motion for attorneys' fees no later than fourteen days after entry of this judgment in accordance with Local Rule CV-7(j).[2]

**IT IS FURTHER ORDERED** that Q2 recover reasonable costs/expenses incurred in this action from Radius, and Q2 is directed to file a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule CV-54.

**IT IS FURTHER ORDERED** that all sums awarded above shall bear postjudgment interest to be calculated and compounded pursuant to 28 U.S.C. § 1961, until paid in full.

**IT IS FINALLY ORDERED** that Q2 shall have all writs of execution and other process necessary to enforce this judgment.

All relief not specifically granted herein is **DENIED**. This judgment is final, disposes of Q2's claim against Radius, and is appealable.

**SIGNED** on February 25, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Q2 has already filed its motion for attorneys' fees, expenses, and costs. (Dkt. 67).