IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Q2 SOFTWARE, INC., *Plaintiff* | § § § § § § § | A-18-CV-00878-RP |
| v. | | |
| RADIUS BANK, *Defendant* | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Q2 Software, Inc.'s Motion for Attorneys' Fees, Expenses, and Costs. Dkt. No. 67. Defendant Radius Bank did not file a Response. On February 27, 2020, the District Court referred the motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

On February 7, 2020, the District Court entered an Order granting Plaintiff Q2 Software, Inc.'s motion for sanctions and rendering a default judgment against Defendant Radius Bank. Dkt. No. 66. The Order provides that Q2 is entitled to "an award of attorneys' fees, as well as expenses/costs, in amounts that the Court shall award after consideration of Q2's submissions regarding such fees and expenses/costs." *Id*. at p. 8. On February 25, 2020, the District Court entered a Final Judgment. Dkt. No. 69. The Final Judgment likewise orders that Q2 is entitled to fees, costs, and expenses. *Id.* at p.1-2. The Court directed Q2 to file a motion for fees in accordance

with Local Rule CV-7(j) and a bill of costs in accordance with FED. R. CIV. P. 54(d) and Local Rule CV-54. *Id.* at p. 2.

Q2 timely filed the instant motion, supported by affidavits, a Bill of Costs, and an accounting of expenses. Dkt. No. 67. Q2 requests attorneys' fees in the stipulated amount of $275,000 and $38,301.17 in costs and expenses. Q2 also seeks a conditional award of $15,000 in fees in the event of a post-judgment motion and $25,000 in fees in the event of an appeal, both stipulated. Radius Bank did not file a response.

## II. ANALYSIS

### A. Attorneys' Fees

The District Court has determined that Q2 is entitled to an award of attorneys' fees. Dkt. No. 66 at p. 8; Dkt. No. 69. The undersigned therefore need determine only the amount to be awarded. *See Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000) (once a court determines that a plaintiff is entitled to fees, it must determine the appropriate amount to be awarded).

The Court has reviewed Q2's motion and supporting exhibits and finds the requested fees to be necessary and reasonable. The Court finds that the request should be granted both on the merits and as unopposed pursuant to Local Court Rule CV-7(j)(2). Accordingly, Q2 is entitled to attorneys' fees in the amount of $275,00.

### B. Costs and Expenses

Federal Rule of Civil Procedure Rule 54(d)(1) states that "costs—other than attorneys' fees—should be allowed to the prevailing party." The District Court determined that Q2 is entitled to an award of costs and expenses. Dkt. No. 66 at p. 8; Dkt. No. 69. Radius does not dispute Q2's costs or expenses. Q2 therefore is entitled to costs in the amount of $38,301.17.

### C. Conditional Award of Future Attorneys' Fees

Q2 also seeks an award of conditional attorneys' fees in case of any post-judgment motions or appeals by Radius.[1] In Texas, "[i]t is well-settled that the trial court's award of attorneys' fees may include appellate attorneys' fees." *Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.—Fort Worth 2004, no pet.). For a district court to award conditional fees, "there must be evidence of the reasonableness of the fees pertaining to the appellate work, and the trial court must condition the award of attorneys' fees to an appellee upon the appellant's unsuccessful appeal." *Id*. Unopposed requests for conditional attorneys' fees generally are awarded. *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 2016 WL 6788057, at *5 (N.D. Tex. Oct. 28, 2016), *report and recommendation adopted*, 2016 WL 6778390 (N.D. Tex. Nov. 16, 2016), *aff'd*, 725 F. App'x 256 (5th Cir. 2018).

Because Radius has stipulated to the conditional attorneys' fees, Q2's request for a conditional award of $15,000 in fees in the event of an unsuccessful post-judgment motion and $25,000 in fees in the event of an unsuccessful appeal should be granted.

### III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Q2's Motion for Attorneys' Fees, Expenses, and Costs. Dkt. No. 67.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

---

[1] Radius filed a Motion for New Trial/Motion for Reconsideration on March 16, 2020. Dkt. No. 70. Radius does not contest Q2's instant motion and, as noted, stipulated to the requested fees.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** March 27, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE